**Todd ANDERSON, Plaintiff,**

v.

**MINNESOTA MUTUAL FIRE AND CASUALTY COMPANY, Appellant,**

**Ekblad, Pardee & Bewell, et al., Respondents.**

**No. C6–86–1330.**

Court of Appeals of Minnesota.

Jan. 20, 1987.

Review Denied March 18, 1987.

Robert C. Bell, Peterson, Bell and Converse, Saint Paul, for plaintiff.

Lawrence R. King, Susan D. Hall, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

Thomas A. Foster, Gregory A. Zinn, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and WOZNIAK and FORSBERG, JJ.

## OPINION

FORSBERG, Judge.

This appeal arises from a declaratory judgment granting insurance coverage to plaintiff below and denying appellant indemnity from the agent who issued the insurance policy.

## FACTS

Todd Anderson, plaintiff below, was struck and injured by an underinsured motorist on August 9, 1981. In 1980, and for a period prior to that, plaintiff's father, Gerald A. Anderson, held an insurance policy issued by Shelby Mutual Insurance Co. which provided underinsured motorist coverage to him and residents of his household. Respondent George Carlson was the insurance agent on the policy.

After Carlson changed his agency affiliation in 1980, he contacted Anderson to provide a policy handled by the new agency. Carlson and Anderson intended that the new policy would provide coverage identical to that provided under the Shelby policy, including underinsured motorist coverage. On November 25, 1980, Carlson sent an application for an automobile insurance policy to appellant Minnesota Mutual on behalf of Anderson to replace the Shelby policy. When completing the application, however, Carlson failed to request underinsured motorist coverage from Minnesota Mutual.

As an agent for Minnesota Mutual, Carlson had authority to bind the insurance company. Pursuant to the application, Minnesota Mutual issued an insurance policy to Anderson effective January 1, 1981. The policy did not include underinsured motorist coverage. Minnesota Mutual, however, would have included underinsured motorist coverage had Carlson requested it on the application form.

On August 9, 1981, Carlson was informed that plaintiff had been badly injured in a motorcycle accident earlier that morning. After a conversation with plaintiff's father, Carlson discovered that underinsured motorist coverage was not listed on the Minnesota Mutual policy.

On August 25, 1981, Carlson telephoned Joanne Peterson, an underwriter at Minnesota Mutual, and requested that she back-date underinsured motorist coverage effective January 1, 1981. Carlson did not inform Minnesota Mutual of plaintiff's accident. The coverage was back-dated in accordance with his request. George Anderson subsequently paid an additional premium for the underinsured motorist coverage which Minnesota Mutual has not returned.

On August 13, 1984, plaintiff brought a declaratory judgment action against appellant, the insurance company, and a breach of contract and negligence action against respondents, the insurance agents. Appellant and respondents issued cross-claims against each other for contribution and/or indemnity.

The trial court, basing its judgment on stipulated facts, held that plaintiff was entitled to underinsured motorist coverage from appellant and denied appellant indemnity from respondents.

## ISSUE

Did the trial court err in denying appellant indemnity from its agent for insurance coverage negligently omitted from an insurance application when appellant would have extended coverage had the term been included on the application?

## ANALYSIS

The trial court concluded that Anderson was entitled to underinsured motorist coverage in accordance with the terms of the insurance policy issued by appellant. This judgment is not disputed on appeal. Rather, appellant contends that the trial court erred in denying it indemnity from respondents because Carlson failed to disclose plaintiff's accident when he requested that the policy be back-dated to include underinsured motorist coverage. We find this argument unpersuasive.

Under established Minnesota law, no action is required of the agent to carry out the original intent of the parties when the agent has negligently failed to inform the insurer of a binding agreement. *Julien v. Spring Lake Park Agency, Inc.*, 283 Minn. 101, 166 N.W.2d 355 (1969). Rather, liability is based on the original agreement; the issue of indemnity depends on (1) whether the agent acted within the scope of his authority when binding the insurer to provide coverage and (2) whether the insurance company would have issued a policy had the application been transmitted to the insurer. *Id.* at 104–105, 166 N.W.2d at 357.

In *Julien,* the insured contacted an insurance agency to add builder's risk coverage to two houses under construction. The intended coverage was to be identical to that which the agent had procured for other properties owned by the plaintiff. The agent told the plaintiff that he was covered, but negligently failed to request coverage from the insurance company for one of the houses. Five months later, the noninsured home was damaged by a tornado.

Plaintiff commenced a suit against the insurer and the agency. There were two issues before the court: (1) whether the insurance company was obligated to provide coverage based on the agent's oral agreement with the insured, and (2) whether the insurer could bring an indemnity claim against the agency. The trial court found that there was coverage based on the agent's oral agreement and that the insurer was not entitled to indemnity from the agency. The Minnesota Supreme Court affirmed. *Id.*

In holding that the insurance company could not assert an indemnity claim against the agency, the court stated:

It is conceded that the Agency had the power to bind the company, and the branch manager of Ohio acknowledged that the policy would have been written had the information been promptly transmitted. No claim is made that the delay increased the risk of loss or caused Ohio damage. Since under these circumstances the Agency performed a function it was authorized to carry out, we hold that no damage attributable to it was realized by Ohio because of its failure to advise Ohio of the risk before it occurred.

*Id.*

In the instant case, the parties stipulated that Carlson acted as appellant's agent and had the authority to bind it to provide underinsured motorist coverage. Further, it was stipulated that Carlson intended that the policy include underinsured motorist coverage and that appellant would have provided the coverage had it been included on the application. On these facts, the trial court correctly concluded that appellant was not entitled to indemnity.

Appellant argues that Carlson's failure to disclose Anderson's accident constituted fraud. As an agent for appellant, Carlson had the duty to communicate to his principal "all facts of which he had knowledge which might affect the principal's rights or interests." *Village of Burnsville v. Westwood Co.,* 290 Minn. 159, 166, 189 N.W.2d 392, 397 (1971). Appellant's argument is misplaced because Anderson's accident had not occurred when the parties agreed to provide coverage beginning January 1,

1981. Since appellant was already obligated to provide underinsured motorist coverage by virtue of Carlson's agreement with Anderson, Carlson's failure to disclose the accident when requesting that the policy be back-dated did not affect appellant's liability. Hence, Carlson's failure to disclose the accident did not constitute fraud.

In view of the parties' stipulations, the trial court correctly concluded that Carlson's request that the policy be back-dated was merely an attempt to effectuate his original intent that it include underinsured motorist coverage. Since appellant was bound to provide underinsured motorist coverage by the original agreement with the insured, Carlson's subsequent acts had no effect on appellant's liability.

## DECISION

The trial court correctly determined that appellant was not entitled to indemnity from its agent when the agent failed to include a term of the policy in the application and appellant would have included the term had it been informed of the agreement between the agent and the insured.

Affirmed.